# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BAYER MATERIALSCIENCE LLC,
Delaware Limited Liability Corporation

          Plaintiff

v.

SERVCOR INTERNATIONAL, INC., a
Florida Corporation,

    Defendant,

Case No.:

Jury Trial Demanded

## PLAINTIFF BAYER MATERIALSCIENCE LLC'S ORIGINAL COMPLAINT

Plaintiff Bayer MaterialScience LLC ("Bayer"), by and through its undersigned counsel, files this Original Complaint ("Complaint") against Defendant Servcor International, Inc. ("Servcor") and alleges as follows:

### I. Parties

1. Bayer MaterialScience LLC ("Bayer") is a Delaware limited liability corporation with its principal place of business in Pittsburgh, Pennsylvania, and offices in Pittsburgh, Pennsylvania and Spring, Texas.

2. Servcor International, Inc. is a Florida corporation with its principal place of business in Pinellas County, Florida.

## II. Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action is between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Venue is proper in the Commonwealth of Pennsylvania based on the agreed-upon forum selection provision contained in the sales contracts upon which this Complaint is based. Specifically, each sales contract between the parties includes the following choice of law and forum selection provision:

> "7. LAWS
>
> The AGREEMENT shall be construed, interpreted and controlled by the laws of the Commonwealth of Pennsylvania, and all claims arising out of or related to the parties relationship created by the AGREEMENT, whether in contract, tort or otherwise, shall be governed and decided pursuant to the laws of the Commonwealth of Pennsylvania, including Pennsylvania statutes of limitations but not including its choice of laws rules. **BUYER agrees to subject itself to the courts of said jurisdiction and that such venue shall be exclusive regarding disputes arising out of the AGREEMENT.**"

(See Paragraph 7 of Exhibit Nos. A-G) (emphasis added)

## III. Background Facts

5. Bayer is a manufacturer and supplier of, among other things, spray polyurethane foam and coating roofing materials. Bayer sells its products directly to building owners, to roofing contractors or applicators, to distributors who resell the products, or to roofing consultants who may be hired to advise building owners and to design and implement solutions to their roofing problems.

6. Servcor is a roofing consultant that provides roofing, waterproofing, and technical services for commercial building owners. As a roofing consultant, Servcor historically

purchased spray polyurethane foam and silicone materials from Bayer and then re-sold the same materials to roofing contractors or building owners at a higher price. During the relevant time period (2008-2009), Servcor purchased Bayer's roofing materials by submitting a purchase order to Bayer. Bayer would accept the order pursuant to the terms and conditions of Bayer's standard invoice. The standard invoice stated, among other things, that:

> "Notwithstanding any contrary or inconsistent conditions that may be embodied in your purchase order, your order is accepted subject to the prices, terms, and conditions of the mutually executed contract between us, or, if no such contract exists, your order is accepted subject to our regular scheduled price and terms in effect at the time of shipment and subject to the terms and conditions printed on the reverse side hereof in particular Paragraphs 8 and 17."

7. There is no mutually executed contract between Servcor and Bayer. Servcor's purchases of Bayer's roofing materials are therefore subject to the terms and conditions set forth in Bayer's invoices. The relevant invoices (hereafter called "Sales Agreement") that give rise to this Complaint are attached as Exhibits A-G.

8. Each Sales Agreement lists Servcor as the Buyer and each Purchase Order lists Servcor as the Customer. Under the payment terms, Servcor is responsible for paying the invoices within 60 days of the invoice date.

9. As mentioned above, Servcor typically resells Bayer's products to a third party such as a contractor or building owner. However, Servcor's obligation to pay Bayer is independent of any contractual arrangement between Servcor and its own customers. In other words, a contractor's breach of contract or failure to pay Servcor is no defense to Servcor's failure to pay Bayer for roofing goods that Servcor ordered and accepted from Bayer.

### Sales Agreement/Invoice Number 10948

10. On April 18, 2008, Servcor submitted a purchase order (#SC2033 REV) to Bayer to purchase various roofing materials to be shipped to River Oaks Apartments in Oakland Park,

Florida. The description of purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Sales Agreement/Invoice No. 10948, which Bayer sent to Servcor on or about April 18, 2008. (*See* Invoice No. 10948, attached hereto as Exhibit A)

11. On or about April 18, 2008, Bayer complied with its obligations under Sales Agreement/Invoice No. 10948 by shipping all of the materials Servcor ordered to River Oaks Apartments as requested by Servcor. Servcor accepted these materials upon receipt.

12. By accepting the goods pursuant to the terms of that invoice, Servcor agreed to pay Bayer a total of $17,172.04. Servcor was required to pay this amount by June 17, 2008. Servcor paid only Bayer a portion of this amount, leaving an unpaid balance of $3,609.00 under Sales Agreement/Invoice No. 10948.

### Sales Agreement/Invoice Number 11565

13. On June 12, 2008, Servcor submitted a purchase order (#SC 2040) to Bayer to purchase certain roofing material for shipment to Servcor at a facility known as Winston Towers in Miami, Florida. The description of purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount that Servcor agreed to pay Bayer is reflected in Sales Agreement/Invoice No. 11565, which Bayer sent to Servcor on or about June 12, 2008. (*See* Invoice No. 11565, attached hereto as Exhibit B)

14. On or about June 12, 2008, Bayer complied with its obligations under Sales Agreement/Invoice 11565 by shipping all of the materials that Servcor ordered to Winston Towers as requested by Servcor. Servcor accepted these materials upon receipt.

15. By accepting the goods pursuant to the terms of Invoice 11565, Servcor agreed to pay Bayer a total of $12,774.41 for the roofing materials Bayer shipped to Winston Towers.

Servcor was required to pay this amount by August 11, 2008 but has not done so. Servcor owes Bayer a total of $12,774.41 for Sales Agreement/Invoice No. 11565.

### Sales Agreement/Invoice Number 11566

16. On June 12, 2008, Servcor submitted a purchase order (#SC 2040) to Bayer for additional roofing material for shipment to Servcor at Winston Towers in Miami, Florida. The description of the purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Invoice No. 11566, which Bayer sent to Servcor on or about June 12, 2008. (*See* Invoice No. 11566, attached hereto as Exhibit C)

17. On or about June 12, 2008, Bayer complied with its obligations under Sales Agreement/Invoice No. 11565 by shipping all of the materials that Servcor ordered to Winston Towers as requested by Servcor. Servcor accepted these materials upon receipt.

18. By accepting the goods pursuant to the terms of Invoice No. 11566, Servcor agreed to pay Bayer a total of $35,930.09 for the roofing materials that Bayer shipped to Servcor's customer, Winston Towers. Servcor was required to pay Bayer this amount by August 11, 2008 but has not done so. Servcor owes Bayer $35,930.09 for Sales Agreement/Invoice No. 11566.

### Sales Agreement/Invoice Number 11539

19. On June 13, 2008, Servcor submitted a purchase order (#SC 2041) to Bayer to purchase certain roofing material for shipment to Servcor at Balmoral Apartments in Miami, Florida. The description of the purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Invoice No. 11539, which Bayer sent to Servcor on or about June 13, 2008. (*See* Invoice No. 11539, attached as Exhibit D)

20. On or about June 13, 2008, Bayer complied with its obligations under Sales Agreement/Invoice No. 11539 by shipping all of the materials that Servcor ordered to Balmoral Apartments as requested by Servcor. Servcor accepted these materials upon receipt.

21. By accepting the goods pursuant to the terms of Sales Agreement/Invoice No. 11539, Servcor agreed to pay Bayer a total of $10,698.38 for the roofing materials that Bayer shipped to Servcor's customer, Balmoral Apartments. Servcor was required to pay this amount by August 12, 2008 but has not done so. Servcor owes Bayer a total of $10,698.38 for Sales Agreement/Invoice No. 11539.

### Sales Agreement/Invoice Number 11540

22. On June 13, 2008, Servcor submitted a purchase order (#SC 2041) to Bayer for additional roofing material for shipment to Servcor at the Balmoral Apartments in Miami, Florida. The description of purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Invoice No. 11540 that Bayer sent to Servcor on or about June 13, 2008. (*See* Invoice No. 11540, attached as Exhibit E)

23. On or about June 13, 2008, Bayer complied with its obligations under Sales Agreement/Invoice No. 11540 by shipping all of the materials that Servcor ordered to Balmoral Apartments as requested by Servcor. Servcor accepted these materials upon receipt.

24. By accepting the goods pursuant to the terms of Sales Agreement/Invoice No. 11540, Servcor agreed to pay Bayer a total of $13,469.30 for the roofing materials that Bayer shipped to Servcor's customer, Balmoral Apartments. Servcor was required to pay this amount by August 12, 2008, but has not done so. Servcor owes Bayer $13,469.30 for Sales Agreement/Invoice No. 11540.

### Sales Agreement/Invoice Number 25432332

25. On September 24, 2008, Servcor submitted a purchase order (#SC2047) to Bayer to purchase certain roofing material for shipment to Servcor at Winston Towers in Sunny Isles Beach, Florida. The description of the purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Invoice No. 25432332 that Bayer sent to Servcor on or about September 24, 2008. (*See* Invoice No. 25432332, attached as Exhibit F)

26. On or about September 24, 2008, Bayer complied with its obligations under Sales Agreement/Invoice No. 25432332 by shipping all of the materials that Servcor ordered to Winston Towers as requested by Servcor. Servcor accepted these materials upon receipt.

27. By accepting the goods pursuant to the terms Sales Agreement/Invoice No. 25432332, Servcor agreed to pay Bayer a total of $1,512.00 for the roofing materials that Bayer shipped to Servcor's customer, Winston Towers. Servcor was required to pay this amount by October 24, 2008 but has not done so. Servcor owes Bayer a total of $1,512.00 for Sales Agreement/Invoice No. 25432332.

### Sales Agreement/Invoice Number 25465092

28. On February 25, 2009, Servcor submitted a purchase order (#SC2075) to Bayer to purchase certain roofing material for shipment to Servcor at Group II c/o Southern Coatings in Pompano Beach, Florida. The description of the purchased materials, quantity, agreed-upon purchase price, freight charges, and total amount Servcor agreed to pay Bayer are reflected in Invoice No. 25465092 that Bayer sent to Servcor on or about February 25, 2009. (*See* Invoice No. 25465092, attached as Exhibit G)

29.  On or about February 25, 2009, Bayer complied with its obligations Sales Agreement/Invoice No. 25465092 by shipping all of the materials that Servcor ordered to Group II c/o Southern Coatings as requested by Servcor. Servcor accepted these materials upon receipt.

30.  By accepting the goods pursuant to the terms of Sales Agreement/Invoice No. 25465092, Servcor agreed to pay Bayer a total of $2,859.27 for the roofing materials that Bayer shipped to Servcor's customer, Group II c/o Southern Coatings. Servcor was required to pay this amount by April 26, 2009 but has not done so. Servcor owes Bayer a total of $2,859.27 for Sales Agreement/Invoice No. 25465092.

\*   \*   \*

31.  Servcor owes Bayer a total of $80,852.45, which is the sum of the outstanding amounts due pursuant to the parties' Sales Agreements/Invoice Nos. 10948, 11565, 11566, 11539, 11540, 25432332, and 25465092.

### IV. CAUSE OF ACTION
### Breach of Contract and Sales Agreements
### (Invoice Nos. 10948, 11565, 11566, 11539, 11540, 25432332, and 25465092)

32.  Bayer reasserts and incorporates the facts alleged in Paragraphs 1-31 as if fully set forth herein.

33.  Servcor submitted its offer to purchase Bayer's roofing materials in the form of the purchase orders described above.

34.  Bayer accepted Servcor's orders pursuant to the terms and conditions of invoices that stated: "subject to [Bayer's] regular scheduled price and terms in effect at the time of shipment and subject to the terms and conditions printed on the reverse side hereof in particular paragraphs 8 and 17." (*See* Invoices attached hereto as Exhibit Nos. A-G)

35. Servcor accepted the terms of Bayer's Sales Agreements/Invoices when Servcor accepted the consideration and shipment of Bayer's goods. The Sales Agreements/Invoices attached as Exhibits A-G are enforceable sales contracts and contain all essential terms of the parties' agreement.

36. Bayer performed all of its obligations under the Sales Agreements by shipping all of the roofing products to Servcor at the locations identified in Servcor's purchase orders.

37. Servcor materially breached the sales contracts by failing to pay Bayer the full amount due for the goods that Servcor ordered and accepted. Servcor owes Bayer a total of $80,852.45, which is the sum of the amounts due in Invoice Nos. 10948, 11565, 11566, 11539, 11540, 25432332, and 25465092.

38. Bayer has been damaged as a result of Servcor's failure to pay the amounts due on the invoices referenced above.

WHEREFORE, Defendant Bayer demands entry of a judgment against Servcor for $80,852.45, the applicable late charges, prejudgment interest, and for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

By: /s/ *Wendy West Feinstein*
Wendy West Feinstein
Pa. I.D. No. 86698
ECKERT SEAMANS CHERIN & MELLOTT LLC
*Attorneys for Plaintiff*
*Bayer Material Science LLC*
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
United States of America
412.566.1927 (telephone)
412.566.6099 (facsimile)
wfeinstein@eckertseamans.com